P 346-025777-01/JFB/smf          Firm #36250

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANN OLIVARIUS and JOHN FRANCIS MCALLISTER | ) ) ) |
| Plaintiffs | ) ) ) 08 C 463 |
| vs | ) ) |
| THARALDSON PROPERTY MANAGEMENT, INCORPORATED d/b/a FAIRFIELD INN BY MARRIOTT CHAMPAIGN and MARRIOTT INTERNATIONAL, INC. | ) ) ) ) ) ) |
| Defendants | ) |

## AMENDED ANSWER TO COMPLAINT & AFFIRMATIVE DEFENSE

NOW COMES the Defendant, Tharaldson Property Management, Incorporated, by and through its attorneys, LAW OFFICES OF LAUREN K. MEACHUM, and for its Answer and Affirmative Defense to Plaintiffs' Complaint, states as follows:

### PARTIES

1. Ann Olivarius ("Dr. Olivarius") and John Francis McAllister ("Dr. McAllister") are individuals who lives in London, England and are husband and wife. Drs. Olivarius and McAllister are citizens of both the United States and the United Kingdom and live outside the judicial district and the State of Illinois.

ANSWER:    Defendant has insufficient knowledge at this time to form an answer to the allegations contained in paragraph 1, and neither admits nor denies said allegations, but demands strict proof thereof.

2. At all relevant times, defendant Tharaldson Property Management, Incorporated, doing business as Fairfield Inn By Marriott Champaign ("Tharaldson") was a foreign corporation doing business throughout Illinois and the judicial district which designated Norma Rae Lock, 383 Lynch Drive, Danville, Illinois as its agent for the service of process.

ANSWER: Defendant admits the allegations contained in paragraph 2, except that defendant denies that it was doing business as Fairfield Inn by Marriott Champaign.

3. At all relevant times, defendant Marriott International, Inc. ("Marriott") was a foreign corporation doing business throughout Illinois and the judicial district which designated Prentice Hall Corporation, 33 North LaSalle Street, Chicago, Cook County, Illinois as its agent for the service of process.

ANSWER: The allegations contained in paragraph 3 are not directed against this defendant and no answer is required or made thereto.

## JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 28 USC § 1332(a)(2) and venue is proper pursuant to 28 USC § 1391(a)(1).

ANSWER: Defendant admits the allegations contained in paragraph 4.

5. At all times, Tharaldson managed and maintained real property located at 1807 Moreland Boulevard, Champaign, Champaign County, Illinois which it operated as a hotel.

ANSWER: Defendant admits the allegations contained in paragraph 5.

6. At all times, Marriott owned, controlled, maintained, or was otherwise responsible for the operation of a hotel on real property located at 1807 Moreland Boulevard, Champaign, Champaign County, Illinois.

ANSWER: The allegations contained in paragraph 6 are not directed against this defendant and no answer is required or made thereto.

## FACTS

7. On or about January 20, 2006. Dr. Olivarius, an overnight guest of the hotel staying in room 116 on the ground floor, cut her foot on an object or objects which. was/were underneath or inside the carpet outside the bathroom of her room.

ANSWER: Defendant has insufficient knowledge at this time to form an answer to the allegations contained in paragraph 7, and neither admits nor denies said allegations, but demands strict proof thereof.

## COUNT I
### (Olivarius v. Tharaldson)

8.  Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 7.

ANSWER: The defendant adopts and realleges its answers to paragraphs 1-7 as and for its answer to this paragraph 8, as though fully set forth herein.

9.  At all relevant times, it was Tharaldson's duty to exercise reasonable care to make its rooms safe for its guests.

ANSWER: Defendant admits only those duties properly attributable by law and denies that such duty is as set forth in paragraph 9.

10. Notwithstanding this duty, Tharaldson was negligent in one or more of the following respects:

    a. it improperly placed Dr. Olivarius in a room with a dangerous condition;
    b. it failed to properly maintain and/or clean Olivarius;
    c. it failed to warn Dr. Olivarius of the dang rented to Dr. Olivarius; and
    d. it failed to properly respond to her request for medical assistance and first aid supplies after Dr. Olivarius was injured;

      e. it failed to implement and/or enforce polices regarding the maintenance of the premises which, if implemented or en arced, would have prevented Dr. Olivarius' injury.

ANSWER: Defendant denies the allegations contained in paragraph 10, specifically denying sub-paragraphs a through e inclusive.

11. Tharaldson had actual or constructive notice oft hazardous condition in the room it rented to Dr. her injury to have taken measures to remedy or in fact had taken such measures in the past.

ANSWER: Defendant denies the allegations contained in paragraph 11.

12. As a direct and proximate result Tharaldson careless and negligent conduct, Dr. Olivarius developed an infection and cellulitis in her lower left leg resulting in severe and permanent injuries, necessitating e emergency care, hospitalization and other treatment which has curtailed and diminished Dr. Olivarius' ability to earn a living and will continue to do so in the future, cased her pain, suffering, a loss of her ability to pursue the normal activities of her li e, and emotional distress. Some, and perhaps all of her injuries are continuing a d permanent

ANSWER: Defendant denies the allegations contained in paragraph 12.

WHEREFORE, the Defendant, Tharaldson Property Management , Incorporated, denies that the

plaintiff, Ann Olivarius, is entitled to judgment against it or costs in any amount whatsoever and prays for judgment in its favor and against the plaintiff, plus its costs in defending this action so wrongfully brought.

## COUNT II
### (Olivarius v. Marriott)

The allegations contained in Count II are not directed against this defendant and no answer is required or made thereto.

## COUNT III
### (McAllister v. Tharaldson)

18. Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 17.

ANSWER: The defendant adopts and realleges its answers to paragraphs 1-17 as and for its answer to this paragraph 18, as though fully set forth herein.

19. As Dr, Olivarius' husband, Dr. McAllister was entitled to the love, affection, society, consortium, support, guidance and services of his wife which were denied to him as a direct and .proximate result . of Tharaldson's negligent conduct and Or. Olivarius' resulting injuries.

ANSWER: Defendant denies the allegations contained in paragraph 19.

WHEREFORE, the Defendant, Tharaldson Property Management , Incorporated, denies that the

plaintiff, John Francis McAllister, is entitled to judgment against it or costs in any amount whatsoever and prays for judgment in its favor and against the plaintiff, plus its costs in defending this action so wrongfully brought.

## COUNT IV

### (McAllister v. Marriott)

The allegations contained in Count IV are not directed against this defendant and no answer is required or made thereto.

### AFFIRMATIVE DEFENSE

NOW COMES the Defendant, Tharaldson Property Management, Incorporated, by and through its attorneys, LAW OFFICES OF LAUREN K. MEACHUM, and for its Affirmative Defense to Plaintiffs' Complaint, states as follows:

1. At all times as alleged in Plaintiffs' complaint, it was the duty of the plaintiff, Ann Olivarius, to exercise reasonable care for her own safety.

2. The plaintiff, Ann Olivarius, failed to exercise reasonable care for her own safety and was guilty of one or more of the following careless and negligent acts and/or omissions:

    a. failed to maintain a proper lookout where she was walking; and

    b. was otherwise careless and negligent.

3. If the plaintiffs, Ann Olivarius and John Francis McAllister, sustained injuries

and damages as alleged in their complaint, which the defendant continues to deny, then it was the result of one or more of the aforementioned careless and negligent acts and/or omission on the part of the plaintiff, Ann Olivarius.

4. If judgment is rendered in favor of the plaintiffs, Ann Olivarius and John Francis McAllister, and against the defendant, Tharaldson Property Management, Incorporated, the plaintiffs shall be totally precluded from recovery, pursuant to § 2-1116 of the Illinois Code of Civil Procedure, because the contributory fault of the plaintiff, Ann Olivarius, in causing the plaintiffs' injuries and damages exceeded fifty percent (50%) or, in the alternative, if the comparative fault of the plaintiff, Ann Olivarius, is determined to be fifty percent (50%) or less, the judgment in favor of the plaintiffs shall be reduced in an amount equal to the pro rata share of the contributory or comparative negligence or fault of the plaintiff, Ann Olivarius, in proximately causing the plaintiffs' injuries and damages.

WHEREFORE, the Defendant, Tharaldson Property Management, Incorporated, denies that the plaintiffs, Ann Olivarius and John Francis McAllister, are entitled to any sum whatsoever and prays that judgment against the defendant be denied, and alternatively prays that any judgment be reduced based upon Plaintiff Ann Olivarius' own negligent conduct.

RESPECTFULLY SUBMITTED

BY: s/John F. Boyle
JOHN F. BOYLE

## AFFIDAVIT OF INSUFFICIENT KNOWLEDGE

I, John F. Boyle, being first duly sworn on oath, depose and state as follows:

1. That I am the attorney assigned to the preparation and defense of this cause.
2. That the allegations of insufficient knowledge are true and correct to the best of my knowledge, information and belief

_____
JOHN F. BOYLE

SUBSCRIBED AND SWORN TO
before me this 2nd day
of July 2008.
_____
Notary Public

OFFICIAL SEAL
SUSAN K WARF
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/16/11

Law Offices Of Lauren K. Meachum
10 South LaSalle Street, Suite 2800
Chicago, Illinois 60603
Telephone: (312) 726-6317
Attorney Code: 36250