IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANN OLIVARIUS and | ) | |
| JOHN FRANCIS MCALLISTER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 08 C 463 |
| vs. | ) | |
| | ) | Jeffrey T. Gilbert |
| THARALDSON PROPERTY | ) | Magistrate Judge |
| MANAGEMENT INC. d/b/a | ) | |
| FAIRFIELD INN BY MARRIOT | ) | |
| CHAMPAIGN | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Ann Olivarius and John McAllister brought this personal injury lawsuit in connection with an alleged injury Ann Olivarius suffered on January 20, 2006 during an overnight stay at the Fairfield Inn in Champaign, Illinois which is managed by defendant Tharaldson Property Management Inc. Defendant prevailed at trial when the jury returned a verdict in its favor on May 9, 2011 [Dkt.#124], and this Court entered a judgment on the verdict on May 24, 2011 [Dkt.#139]. The Court denied Plaintiffs' Motion for New Trial [Dkt.#140] on February 15, 2012 [Dkt.#193].

This matter is before the Court on defendant's Second Amended Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d)(1) [Dkt#193]. Initially, defendant submitted a Bill of Costs on June 23, 2011 [Dkt.#144] in which defendant requested $25,678.84. Plaintiffs objected [Dkt.#151], and the parties submitted additional briefs. At the Court's request, defendant filed an Amended Bill of Costs [Dkt.#173] on October 8, 2011, and a subsequent Second Amended

Bill of Costs [Dkt.#193] in which defendant now requests $24,645.66 in costs was filed on February 17, 2012.

Plaintiffs continue to object to some of the costs requested, but they concede that costs in the amount of $7,545.09 are recoverable costs within the meaning of 28 U.S.C. § 1920. Pls' Opposition to Amended Bill of Costs [Dkt.#181], at 2. Plaintiffs, however, dispute the remaining costs on the grounds that such items are not recoverable and/or that defendant has failed to provide sufficient support to justify such costs.

## LEGAL STANDARD

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). The list of recoverable costs pursuant to 28 U.S.C. § 1920 includes (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness fees and expenses, (4) fees for copies of paper necessarily obtained for use in the case, (5) docket fees under 28 U.S.C. § 1923, and (6) compensation for court-appointed experts and interpreters. *LG Electronics U.S.A. Inc. v. Whirlpool Corp.*, 2011 WL 5008425, at * 1 (N.D. Ill. Oct. 20, 2011). Rule 54(d)(1) also "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). Taxing costs against the non-prevailing party requires two inquiries – whether the cost is recoverable and whether the amount assessed is reasonable. *Little v. Mitsubishi Motors N. Am. Inc.*, 415 F.3d 699, 702 (7th Cir. 2008). District court have considerable discretion in determining whether a particular cost is reasonable and necessary. *LG Electronics U.S.A. Inc.*, 2011 WL 5008425, at *1.

ANALYSIS

**A. Fee for Service of Summons and Subpoena – 28 U.S.C. § 1920(1)**

Courts may award costs for "[f]ees of the clerk and marshal." 28 U.S.C. § 1920(1). Although the term "marshal" as used in Section 1920(1) does not specifically include private process servers, the prevailing party may recover costs for using a private process server as long as those costs do not exceed fees charged by a marshal. *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). Marshal fees are $55.00 per hour plus travel costs and any other out-of-pocket expenses. 28 C.F.R.§ 0.114(a)(3).

Defendant requests $85.00 for the attempted service of process of a witness – Debra Lee Smith. The invoice submitted by defendant, however, does not itemize how much time was spent attempting service. In addition, some courts have declined to award costs for an attempted service. *See e.g., Leadership Council for Metropolitan Open Communities Inc. v. Rossi*, 2003 WL 1741324, at *3 (March 31, 2003); *International Broth. of Teamsters, Local 371 v. Rock Island*, 2006 WL 3617731, at *1 (Aug. 8, 2006). We agree that the charge for an unsuccessful service attempt should not be passed on to the losing party in an award of costs. Accordingly, the Court declines to award the $85.00 sought for the unsuccessful service attempt by the private process server.

**B. Court Reporter and Transcript Fees – 28 U.S.C. § 1920(2)**

A prevailing party may recover costs for court reporter fees and transcripts. 28 U.S.C. § 1920(2). Defendant requests $18,736.93 in fees for court reporter attendance fees, deposition transcripts, and other related administrative fees including room and system rental fees, video

conference fees, scheduling fees, and long distance connections fees. The following chart, broken down by witness, summarizes what defendant has requested for reimbursement.

| Witnesses | Court Reporter Attendance Fees | Transcript and Copy Fees[1] | Related Administrative Fees | Total Requested |
|---|---|---|---|---|
| Ann Olivarius | $220 (4 hrs) | $369.15 (107 pgs) | $25 (Electronic File) | $614.15 |
| Jeff McAllister | Included w/ Ann Olivarius | $75.90 (22 pgs) | $25 (Electronic File) | $100.90 |
| Timothy Izzard | N/A | $60.30 (67 pgs) | | $60.30 |
| Huberta Rose | N/A | $31.50 (35 pgs) | | $31.50 |
| Brittanie Hollingsworth | N/A | $39.60 (44 pgs) | | $39.60 |
| Alma Bellafiore | N/A | $25.20 (28 pgs) | | $25.20 |
| Christopher Wheeler | N/A | $23.40 (26 pgs) | | $23.40 |
| Dr. Bia | Included w/ Barry Nalebuff | $233.60 (64 pgs) | $1027.50 (Room and system rental, scheduling and communication) | $1261.10 |
| Barry Nalebuff | $216 (4.5 hrs)[2] | $182.50 (50 pgs) | | $398.50 |
| Chase McAllister | Included w/ Barry Nalebuff | $149.65 (41pgs) | $700 (Video conference room rental) | $849.65 |
| Debra Lee Smith | $55 (.75 hr) | $110 (31 pgs) | | $165.00 |
| Dr. Deirdre O'Gallagher (10/22/2010 Deposition) | $287.50 (1 hr w/ after 5 pm charges) | $164.25 (45 pgs) | $193 (Cancellation charge) $1394.42 (Room and system rental, scheduling and communication) | $2039.17 |
| Joyce Frasier | $125 (1 hr) | $167.90 (46 pgs) | $825.07 (Room and system rental, scheduling and communication) | $1117.97 |
| Robert Shaine | $220 (1.25 hr) | $200.75 (55pgs) | $2220.71 (Room and system rental, scheduling and communication) | $2641.46 |
| Megan Schuller | $70 (1 hr) | $146 (40 pgs) | $1398.28 (Room and system rental, scheduling and communication) | $1614.28 |

| Allen Flores | $70 (1.75 hrs) | $251.85 (69 pgs) | $1259.32 (Room and system rental, scheduling and communication) | $1581.17 |
|---|---|---|---|---|
| Dr. Fred Simon | $40 (1.5 hrs) | $153.30 (42 pgs) | $881.73 (Room and system rental, scheduling and communication) | $1075.03 |
| Michelle Hanlon | $125 (1.5 hrs) | $171.55 (47 pgs) | $881.73 (Room and system rental, scheduling and communication) | $1178.28 |
| Dr. Deirdre O'Gallagher (4/27/11 Dep.) | $220 (1.75 hrs) | $204.40 (56 pgs) | $1278.62 (Room and system rental, scheduling and communication) $300 (Video file and text synchronization) | $2003.02 |
| Presca Ahn | $220 (1 hr) | $670 (33 pgs) | $675.50 (Room and system rental, scheduling and communication) | $1534.35[3] |
| Dr. Karin Muraszko | $110 (1.5 hrs) | $137.35 (41 pgs) | $96.35 (Expedite Charges) $39.20 (Conference Call Services) | $382.90 |
| TOTAL | | | | $18,736.93 |

With regard to the attendance fee for court reporters, one court within the Seventh Circuit has found a $60.00 per hour attendance fee to be reasonable. *Specht v. Google Inc.*, 2011 WL 2565666, at *2 (N.D. Ill. June 27, 2011). Another court has found attendance fees ranging from $35.00 to $95.00 per hour to be reasonable. *Manson v. City of Chicago*, 2011 WL 5507369, at *4 (N.D. Ill. Nov. 10, 2011) (citing *McDonald v. Village of Winnetka*, 2003 WL 1989656, at *1 (N.D. Ill. 2003)). Indeed, defendant acknowledges that $60.00 per hour is a reasonable fee. *See* Def's Resp. to Pl's Opposition to Def's Bill of Costs [Dkt.#151], at 3. Therefore, the Court will award $60.00 per hour for all of the court reporter attendance fees in this case except in those instances when the amount charged for the attendance fees is less than $60.00 per hour; then the Court will award the actual amount billed for the court reporter's time.

A court also may award costs for deposition transcripts as long as they are "reasonably necessary." *LG Electronics U.S.A. Inc.*, 2011 WL 5008425, at * 2. Under Northern District of Illinois Local Rule 54.1(b), the costs of the transcript or deposition shall not exceed the regular

copy rate as established by the United States Judicial Conference. *See* N.D. Ill. L.R.54.1(b). Judicial Conference rates for depositions conducted after November 1, 2007 are $3.65 per page for a regular transcript and $0.90 per page for the first copy of regular transcripts. *See* http://www.ilnd.uscourts.gov/CLERKS_OFFICE/CrtReporter/trnscrpt.htm; *LG Electronics U.S.A. Inc.*, 2011 WL 5008425, at * 2; *Manson v. City of Chicago*, 2011 WL 5507369, at *4 (N.D. Ill. Nov. 10, 2011).

In this case, with one exception, defendant has requested either (1) the amount charged by the court reporter in the instances when the charge per page was less than $3.65 per page or (2) $3.65 per page in the instances when the charge exceeded $3.65 per page. *See* Def's Reply to Pls' Objection to Amended Bill of Costs [Dkt.#185], at 2. For copies of deposition transcripts, defendant reduced the amount requested to $.90 per page.

The one exception for reimbursement is for the court reporter attendance fee and deposition transcript for witness Presca Ahn. Without any legal authority, defendant requests that the Court award $220 attendance fee for one hour deposition and $670.00 for a 33 page deposition transcript because the court reporter was located in London, England. The Court declines to do so and will award $60.00 per hour for the court reporter attendance fee and $3.65 per page for the 33 page deposition transcript

With regard to the room rental fees and other fees associated with the video conferences defendant scheduled, defendant acknowledges that it has not found any case in this district that permits or disallows the taxing of such costs. Plaintiffs, on the other hand, cite a case from the Central District of Illinois in which the court concluded that rental fees for rooms in which depositions take place are "more akin to administrative fees incurred in the cost of doing

business" and therefore are not recoverable under 28 U.S.C § 1920. *Mason v. Smithkline Beecham Corp.*, 2008 WL 5397579, at *3 (C.D. Ill. Oct. 7, 2008). We agree.

Defendant chose to schedule a significant portion of the depositions it took in this case via video conference rather than having its counsel travel to take these depositions in person. Had counsel traveled to take these depositions in person, the expenses incurred for that travel would not have been recoverable costs under 28 U.S.C. § 1920. Therefore, we decline to tax these expenses and require plaintiffs to reimburse those costs incurred when defendant decided to take those depositions via video conference rather than in person.

With regard to the video and text synchronization fees, however, a prevailing party can recover costs of both a video-recording and a transcript of the same deposition. Another court in this district allowed the synchronization fees. *See Specht*, 2011 WL 2565666, at *2. Accordingly, this Court concludes that the video/text synchronization fee was reasonable and will award the $300.00 requested.

The following chart summarizes what expenses the Court will award to defendant in this regard.

| Witnesses | Court Reporter Attendance Fees Awarded[4] | Transcript and Copy Fees Awarded | Related Administrative Fees | Total Awarded |
|---|---|---|---|---|
| Ann Olivarius | $220 (4 hrs) | $369.15 (107 pgs) | Nothing Awarded | $589.15 |
| Jeff McAllister | Included w/ Ann Olivarius | $75.90 (22 pgs) | Nothing Awarded | $75.90 |
| Timothy Izzard | N/A | $60.30 (67 pgs) | | $60.30 |
| Huberta Rose | N/A | $31.50 (35 pgs) | | $31.50 |

| | | | | |
|---|---|---|---|---|
| Brittanie Hollingsworth | N/A | $39.60 (44 pgs) | | $39.60 |
| Alma Bellafiore | N/A | $25.20 (28 pgs) | | $25.20 |
| Christopher Wheeler | N/A | $23.40 (26 pgs) | | $23.40 |
| Dr. Bia | Included w/ Barry Nalebuff | $233.60 (64 pgs) | Nothing Awarded | $233.60 |
| Barry Nalebuff | $216 (4.5 hrs) | $182.50 (50 pgs) | | $398.50 |
| Chase McAllister | Included w/ Barry Nalebuff | $149.65 (41pgs) | Nothing Awarded | $149.65 |
| Debra Lee Smith | $45 (.75 hr) | $110 (31 pgs) | | $155.00 |
| Dr. Deirdre O'Gallagher (10/22/10 Dep.) | $60 (1 hr) | $164.25 (45 pgs) | Nothing Awarded | $224.25 |
| Joyce Frasier | $60 (1 hr) | $167.90 (46 pgs) | Nothing Awarded | $227.90 |
| Robert Shaine | $60 (1 hr) | $200.75 (55pgs) | Nothing Awarded | $260.75 |
| Megan Schuller | $60 (1 hr) | $146 (40 pgs) | Nothing Awarded | $206.00 |
| Allen Flores | $70 (1.5 hrs) | $251.85 (69 pgs) | Nothing Awarded | $321.85 |
| Dr. Fred Simon | $40 (1.5 hrs) | $153.30 (42 pgs) | Nothing Awarded | $193.30 |
| Michelle Hanlon | $90 (1.5 hrs) | $171.55 (47 pgs) | Nothing Awarded | $261.55 |
| Dr. Deirdre O'Gallagher (4/27/11 Dep.) | $105 (1.75 hrs) | $204.40 (56 pgs) | $300 (Video file and text synchronization) | $609.40 |
| Presca Ahn | $60 (1 hr) | $120.45 (33 pgs) | Nothing Awarded | $180.45 |
| Dr. Karin Muraszko | $90 (1.5 hrs) | $137.35 (41 pgs) | Nothing Awarded | $227.35 |
| TOTAL | $1176 | $3018.60 | $300 | $4494.60 |

Finally, defendant also seeks $1,171.80 for the trial transcript. It does not appear that plaintiffs object to this cost, and it is recoverable and reasonable. *Little*, 514 F.3d at 702. Accordingly, the total amount awarded for fees of the court reporter fees is $1,176.00 and for transcripts, including the trial transcript and the video deposition of Dr. O'Gallagher, necessarily obtained for use in this case is $4,490.40. Therefore, the Court awards a total of $5,666.40 under Section 1920(2).

**C. Witness Fees – 28 U.S.C. § 1920(3)**

Section 1920(3) authorizes the award of costs to reimburse witnesses for their reasonable travel and lodging expenses, and Section 1821 provides for a per diem of $40.00 per day for attendance at court hearings or deposition. *See* 28 U.S.C. § 1920(3); 28 U.S.C. § 1821(a), (b). In its Second Amended Bill of Costs, defendant has requested a total of $1681.41 for two witnesses – Dr. Frank Bia and Debra Lee Smith. Defendant has submitted two letter from Dr. Frank Bia dated September 16, 2009 and October 23, 2009 as supporting documentation for its requested reimbursement for Dr. Bia. These letter are bills for two hours of file review charged at a rate of $400.00 per hour for a total of $800.00 and for two hours of deposition appearance charged at a rate of $400.00 per hour for a total of $800.00 with $21.42 for parking and lunch expenses.

Defendant, however, is not entitled to reimbursement for file review under 29 U.S.C. § 1920(3). Nor is defendant entitled to more than $40.00 per day for witness fees. *See* 28 U.S.C. § 1821(b). Therefore, the Court deducts $1,560.00 from defendant's requested amount of reimbursement for witness fees. The Court likewise will deduct $21.41 for the parking and lunch expenses as defendant does not submit any supporting receipts for the expenses incurred.

As for Debra Lee Smith, defendant seeks reimbursement of $60.00 as the fee paid to a witness to secure her attendance at a deposition. Although courts have approved witness fees of greater than $40.00 per day for reasonable travel and/or lodging expenses, defendant has not identified any specific additional expense for Debra Lee Smith to show that "the witness fee paid to Ms. Smith is reasonable to secure her testimony for this litigation." Def's Resp. to Pls' Objections to Bill of Costs [Dkt.#158], at 8-9. That is not sufficient.

Therefore, the Court awards $40.00 each for witness fees for Dr. Bia and Debra Lee Smith for a total of $80.00 under Section 1920(3).

**D. Exemplification and Photocopying Costs – 28 U.S.C. § 1920(4)**

Section 1920(4) allows the Court to tax as costs "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Defendant seeks a total of $2,050.90 in exemplification costs. Plaintiffs initially objected to the requested amount arguing that defendant did not provide any further information to justify the costs. In its response to plaintiffs' objection, defendant explained that the bill submitted is for the demonstrative exhibits used during trail and closing arguments to show a time line. Def's Resp. to Pls' Objections to Bill of Costs [Dkt.#158], at 7-8. The Seventh Circuit has held that a prevailing party may recover costs of preparing demonstrative exhibits if it was necessarily obtained for the use of the case. *See Cefalu v. Village of Elk Grove Village*, 211 F.3d 416, 427-28 (7th Cir. 2000). The Court finds that the costs incurred for the demonstrative exhibits used at trial are reasonable and therefore awards $2,050.90 in costs for the exemplification work performed to create the exhibits.

**CONCLUSION**

For the reasons set forth in this Memorandum Opinion and Order, the Court grants in part and denies in part defendant's Second Amended Bill of Costs [Dkt.#193] and awards defendant $7,797.30 in costs under Federal Rule 54(d)(1), computed as follows: $5,666.40 in fees for court reporter attendance and deposition transcripts; $80.00 in witness fees; and $2,050.90 in fees for exemplification costs of trial exhibits.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: April 3, 2012

1. The transcript fees requested are the total page number multiplied by $3.65 which is the fee approved by the 7th Circuit except where the amount billed by the court reporter was less than a $3.65 per page fee. In those cases, the amount requested by defendant and awarded by the Court is the amount actually billed by the court reporter. The only other exception is for Presca Ahn for which defendant has requested that the total amount charged by the court reporter be reimbursed.

2. In one filing, defendant states that the total time for the depositions of Dr. Bia, Barry Nalebuff and Chase Olivarius McAllister is 4.25 hours (Def's Resp. to Pls' Objections to Def's Bill of Costs [Dkt.#158], at 3), and in a letter dated December 5, 2010 to plaintiffs, defendant states that the total time was 4.50 hours. Using either hourly total, the hour rate charged is less than $60 per hour, and therefore, the Court will award the invoiced amount of $216.

3. The invoice for the court reporter attendance fee and transcript fees totaled $910.00. Defendant, however, deducted the $20 shipping and handling fee and the quick pay discount it received so that the total requested amount for Presca Ahn is $858.85 plus the $675.50 for the room and system rental and the scheduling and communication fees, which total $1534.35.

4. For purposes of calculating the hourly fee for the court reporters' attendance at the depositions in this case, the Court will round up to the closest quarter hour based on the actual duration of the deposition unless the total hourly fee requested was less than $60.00 per hour, then the Court will awarded the mount invoiced.